UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

FAST RESPONSE MARINE TOWING &
SALVAGE, LLC,

Plaintiff,

vs.

M/Y "WHAT HURTS", her engines,
bowsprit, anchor, cables, chains, rigging,
tackle, apparel, furniture and all accessories,
hereunto appertaining and belonging to her,
*in rem* and *quasi in rem*; WHAT HURTS,
LLC, *in personam* and *quasi in rem,*
BRENT LORING, *in personam* and *quasi in
rem,* and PENKLOR, INC. d/b/a THE
PARKWAY COMPANY, *in personam* and
*quasi in rem;* and THE PARKWAY
COMPANY*, in personam* and *quasi in rem*,

Defendants.
_____/

## VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF SUPPLEMENTAL
## MARITIME RULE B WRIT OF FOREIGN ATTACHMENT AND
## SUPPLEMENTAL RULE C WARRANT OF ARREST

COMES NOW, Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE, LLC

("FAST RESPONSE"), by and through undersigned counsel, and hereby files this its Verified

Complaint with Request for Issue of Supplemental Maritime Rule B Writ of Foreign Attachment

and Supplemental Rule C Warrant of Arrest ("Verified Complaint") and sues Defendants, M/Y

"WHAT HURTS", her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture

and all accessories, hereunto appertaining and belonging to her, *in rem* and *quasi in rem*; WHAT

HURTS, LLC, an Ohio corporation, *in personam* and *quasi in rem;* BRENT LORING, an

individual, *in personam* and *quasi in rem;* PENKLOR, INC. d/b/a THE PARKWAY COMPANY*,*

an Ohio corporation, *in personam* and *quasi in rem*; and THE PARKWAY COMPANY*,* an Ohio

corporation, *in personam* and *quasi in rem*, and in support thereof would allege as follows:

## JURISDICTION, VENUE AND PARTIES

1.      This is a case seeking the foreclosure of a maritime lien for pure salvage, *in rem*, against the Defendant vessel, a claim for a salvage award and for breach of contract, *in personam* and *quasi in rem* against the foreign owners and operators of the vessel, and otherwise seeking an equitable uplift, attorney fees, costs, and prejudgment interest within Rules B & C of the Supplemental Rules for Certain Admiralty and Maritime Claims, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, within the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §31301(5)(f) et seq., within the 1989 International Convention on Salvage as supplemented by the General Maritime Law of the United States, and is otherwise within the admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1333(1). To the extent a claim does not fall within the Court's jurisdiction as set forth above, the Court may exercise jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity between the parties and supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

2.      Venue for this civil action is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b)(2).

## FAST RESPONSE MARINE TOWING & SALVAGE, LLC

3.      At all material times, Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE, LLC ("FAST RESPONSE"), was and is a business entity organized and existing under the laws of the State of Florida with its principal place of business located in Opa Locka, Florida, and, at all times material hereto, was engaged in the business of rendering professional marine services including salvage services to the Defendants herein entitling Plaintiff to a salvage

–2–

lien of high order against the M/Y "WHAT HURTS."

## M/Y "WHAT HURTS"

4.      At all material times, the M/Y "WHAT HURTS," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her was and is a 2008 60' foot Midnight Express HIN: EXK600001JB819 ("Vessel"), believed to be Florida registered, was operated in South Florida within the geographic jurisdictional boundaries of this Court, and is now, or will be, during the pendency of the action within the Southern District of Florida, but is capable of imminent transportation out of the jurisdiction at any time.

5.      At all material times, the M/Y "WHAT HURTS" was and is believed to be berthed in Dade County, Florida; however, the Plaintiff is informed, believes and thereupon alleges that the identity of all owners and operators has been concealed by the Defendants who have flagged the vessel "by convenience" in a jurisdiction where ownership details are not public record to secret themselves and have further concealed the visible location of the vessel to avoid the application of law.

## WHAT HURTS, LLC

6.      At all material times, WHAT HURTS, LLC ("WHAT HURTS"), is a foreign business entity believed to be an Ohio corporation, was and is believed to be an owner and/or operator of the M/Y "WHAT HURTS" on the date services were provided by the Plaintiff and/or is otherwise believed to possess either a direct or indirect financial interest/pecuniary interest in the preservation of the Defendant Vessel. WHAT HURTS is a foreign corporation operating vessels in this state, including the M/Y "WHAT HURTS". Upon information and belief,

–3–

FAST RESPONSE MARINE TOWING
& SALVAGE LLC. vs. M/Y "WHAT HURTS", et al.
Verified Complaint

Defendant, WHAT HURTS, is an entity operating and chartering vessels in this state, including the M/Y "WHAT HURTS."

7. At all material times, Defendant, WHAT HURTS, nominated Brent Loring, 2649 Erie Avenue, Cincinnati, Ohio 45208, as its registered agent for service of process, who cannot be found within the geographic jurisdictional boundaries of Southern United States District Court For the Southern District of Florida, and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims and the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "1".

8. At all material times, Defendant, WHAT HURTS, was and is subject to the personal jurisdiction of this Court, as an entity operating, conducting, engaging in or carrying on a business venture in the State of Florida or having an office or agent in Florida, filing and proceeding with civil litigation in Florida, or otherwise:

  (a) Committing a tortious act within this State;

  (b) Owning, using, possessing, or holding a mortgage or other lien on any real property within this State;

  (c) Contracting to insure a person, property, or risk located within this State at the time of contracting;

  (d) Engaging in substantial and not isolated activity within the State;

  (e) Engaging in solicitation or service within this State;

  (f) Producing materials, or things processed, serviced, or manufactured, used

–4–

or consumed within this State in the ordinary course of commerce, trade, or use;

(g)     Causing injury to persons or property within this State arising out of an act or omission by the Defendant outside this State;

(h)     Breaching a contract in this State by failing to perform acts required by the contract to be performed in this State;

(i)     Operating vessels within the state of Florida; and/or

(j)     Other acts or omissions to be revealed throughout the course of discovery.

9.     At all material times, SEAN PHILLIPS was a captain of the Vessel, was and is an employee, independent contractor and/or agent of Defendant, WHAT HURTS, and was working within the scope of his agency and/or employment rendering the Defendant vicariously responsible for any contracts, acts, omissions, and/or breaches, of SEAN PHILLIPS, causing damage to the Plaintiff herein.

## BRENT LORING

10.     At all material times, BRENT LORING was and is believed to be an owner and/or operator of the M/Y "WHAT HURTS" on the date services were provided by the Plaintiff and/or is otherwise believed to possess either a direct or indirect financial interest/pecuniary interest in the preservation of the Defendant Vessel.

11.     At all material times, Defendant, BRENT LORING ("LORING"), was and is believed to be an individual above the age of 18, *sui juris;* and was and is believed to be a foreign citizen and resident of the state of Ohio; was and is believed to be an owner and/or operator of the vessel on the date services were provided by the Plaintiff and/or was and is otherwise believed to

possess either a direct or indirect financial interest/pecuniary interest in the vessel and in the preservation of the Defendant vessel.

12.     At all material times, upon information and belief, defendant, LORING, was and is an individual operating and/or chartering vessels within this state, including the M/Y "WHAT HURTS".

13.     At all material times, Defendant, LORING, cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure, within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and/or within the meaning of the local Rules of this Court. *See,* Affidavit of Foreign Attachment, attached hereto as Exhibit "1".

14.     At all material times, the vessel was and is believed to be a LORING asset found within the United States, and within the geographic boundaries of the United States District Court for the Southern District of Florida.

15.     At all material times, Defendant, LORING, was and is subject to the personal jurisdiction of this Court, as an individual or entity operating, conducting, engaging in or carrying on a business venture in the State of Florida or having an office or agent in Florida or otherwise:

      (a)     Committing a tortious act within this State;

      (b)     Owning, using, possessing, or holding a mortgage or other lien on any real property within this State;

      (c)     Contracting to insure a person, property, or risk located within this State at the time of contracting;

–6–

FAST RESPONSE MARINE TOWING
& SALVAGE LLC. vs. M/Y "WHAT HURTS", et al.
Verified Complaint

(d)     Engaging in substantial and not isolated activity within the State;

(e)     Engaging in solicitation or service within this State;

(f)     Producing materials, or things processed, serviced, or manufactured, used or consumed within this State in the ordinary course of commerce, trade, or use;

(g)     Causing injury to persons or property within this State arising out of an act or omission by the Defendant outside this State;

(h)     Breaching a contract in this State by failing to perform acts required by the contract to be performed in this State;

(i)     Operating vessels within the state of Florida; and/or

(j)     Other acts or omissions to be revealed throughout the course of discovery.

16.     At all material times, SEAN PHILLIPS was a captain of the Vessel, was and is an employee, independent contractor and/or agent of Defendant, LORING, and was working within the scope of his agency and/or employment rendering the Defendant vicariously responsible for any contracts, acts, omissions, and/or breaches, of SEAN PHILLIPS, causing damage to the Plaintiff herein.

## PENKLOR, INC. d/b/a THE PARKWAY COMPANY

17.     At all material times, PENKLOR, INC. d/b/a THE PARKWAY COMPANY ("PENKLOR"), is a foreign business entity believed to be an Ohio corporation, was and is believed to be an owner and/or operator of the M/Y "WHAT HURTS" on the date services were provided by the Plaintiff and/or is otherwise believed to possess either a direct or indirect financial interest/pecuniary interest in the preservation of the Defendant Vessel. PENKLOR is a foreign

corporation operating vessels in this state, including the M/Y "WHAT HURTS". Upon information and belief, Defendant, PENKLOR, is an entity operating and chartering vessels in this state, including the M/Y "WHAT HURTS."

18.     At all material time, Defendant, PENKLOR, has nominated Jack Donenfeld, 119 E. Court Street, Hamilton, Ohio 45202 as its registered agent for service of process, who cannot be found within the geographic jurisdictional boundaries of Southern United States District Court For the Southern District of Florida, and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims and the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "1".

19.     At all material times, Defendant, PENKLOR, was and is subject to the personal jurisdiction of this Court, as an entity operating, conducting, engaging in or carrying on a business venture in the State of Florida or having an office or agent in Florida or otherwise:

        (a)    Committing a tortious act within this State;

        (b)    Owning, using, possessing, or holding a mortgage or other lien on any real property within this State;

        (c)    Contracting to insure a person, property, or risk located within this State at the time of contracting;

        (d)    Engaging in substantial and not isolated activity within the State;

        (e)    Engaging in solicitation or service within this State;

        (f)    Producing materials, or things processed, serviced, or manufactured, used

FAST RESPONSE MARINE TOWING
& SALVAGE LLC. vs. M/Y "WHAT HURTS", et al.
Verified Complaint

or consumed within this State in the ordinary course of commerce, trade, or use;

(g)  Causing injury to persons or property within this State arising out of an act or omission by the Defendant outside this State;

(h)  Breaching a contract in this State by failing to perform acts required by the contract to be performed in this State;

(i)  Operating vessels within the state of Florida; and/or

(j)  Other acts or omissions to be revealed throughout the course of discovery.

20.  At all material times, SEAN PHILLIPS was a captain of the Vessel, was and is an employee, independent contractor and/or agent of Defendant, PENKLOR, and was working within the scope of his agency and/or employment rendering the Defendant vicariously responsible for any contracts, acts, omissions, and/or breaches, of SEAN PHILLIPS, causing damage to the Plaintiff herein.

## THE PARKWAY COMPANY

21.  At all material times, THE PARKWAY COMPANY ("PARKWAY"), is a foreign business entity believed to be organized and existing pursuant to the laws of Ohio, was and is believed to be an owner and/or operator of the M/Y "WHAT HURTS" on the date services were provided by the Plaintiff and/or is otherwise believed to possess either a direct or indirect financial interest/pecuniary interest in the preservation of the Defendant Vessel. PARKWAY is a foreign corporation operating vessels in this state, including the M/Y "WHAT HURTS". Upon information and belief, Defendant, PARKWAY, is an entity operating and chartering vessels in this state, including the M/Y "WHAT HURTS."

22.     At all material times, Defendant, PARKWAY, has nominated an agent for service

of process who cannot be found within the geographic jurisdictional boundaries of Southern United

States District Court For the Southern District of Florida, and cannot be served with a summons

and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure within the meaning

of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims and the local

Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "1".

23.     At all material times, Defendant, PARKWAY, was and is subject to the personal

jurisdiction of this Court, as an entity operating, conducting, engaging in or carrying on a business

venture in the State of Florida or having an office or agent in Florida or otherwise:

       (a)     Committing a tortious act within this State;

       (b)     Owning, using, possessing, or holding a mortgage or other lien on any real
             property within this State;

       (c)     Contracting to insure a person, property, or risk located within this State at
             the time of contracting;

       (d)     Engaging in substantial and not isolated activity within the State;

       (e)     Engaging in solicitation or service within this State;

       (f)     Producing materials, or things processed, serviced, or manufactured, used
             or consumed within this State in the ordinary course of commerce, trade,
             or use;

       (g)     Causing injury to persons or property within this State arising out of an act
             or omission by the Defendant outside this State;

       (h)     Breaching a contract in this State by failing to perform acts required by the

−10−

contract to be performed in this State;

(i)     Operating vessels within the state of Florida; and/or

(j)     Other acts or omissions to be revealed throughout the course of discovery.

24.     At all material times, SEAN PHILLIPS was a captain of the Vessel, was and is an employee, independent contractor and/or agent of Defendant, PARKWAY, and was working within the scope of his agency and/or employment rendering the Defendant vicariously responsible for any contracts, acts, omissions, and/or breaches, of SEAN PHILLIPS, causing damage to the Plaintiff herein.

25.     At all material times, the M/Y "WHAT HURTS" was and is believed to be berthed in Dade County, Florida; however, the Plaintiff is informed, believes and thereupon alleges that the identity of all owners and operators has been concealed by the Defendants who have flagged the vessel "by convenience" in a jurisdiction where ownership details are not public record to secret themselves and have further concealed the visible location of the vessel to avoid the application of law.

## SPECIAL REQUIREMENTS FOR SALVAGE ACTIONS

26.     Pursuant to Local Rule E(3) entitled "Special Requirements For Salvage/Actions", the value of the M/Y "WHAT HURTS" and other property salvaged is believed to exceed $1,600,000.00. Pursuant to Local Rule E(3) entitled "Special Requirements For Salvage Actions," FAST RESPONSE claims an award based on the services it performed in an amount exceeding $297,600.00 plus attorneys' fees (which is an item of damages that is not liquidated, currently exceeds $60,000.00, and could exceed $250,000.00 through trial and appeal) recoverable by contract and under the general maritime law, plus costs, expert expense, statutory and contractual

FAST RESPONSE MARINE TOWING
& SALVAGE LLC. vs. M/Y "WHAT HURTS", et al.
Verified Complaint

prejudgment and post judgment interest, and interest recoverable under the general maritime law.

27.     Pursuant to Local Rule E(3) entitled "Special Requirements For Salvage Actions," this action is commenced on behalf of the principal salvor, FAST RESPONSE, who is the only salvage company participating in this salvage and this Verified Complaint is instituted on its behalf and on behalf of all persons associated with FAST RESPONSE.

## **FACTS APPLICABLE TO ALL COUNTS**

28.     At all material times, on or about February 25, 2021, the M/Y "WHAT HURTS" was in a position of extreme peril and requested the Plaintiff's assistance.

29.     At all material times, FAST RESPONSE, without being under any obligation otherwise, responded to the request for assistance and was authorized by the Defendants as the owners, and operators of the M/Y "WHAT HURTS," to render salvage services to the Vessel.

30.     At all material times, FAST RESPONSE successfully prevented the loss of the M/Y "WHAT HURTS" by utilizing, among other things, its salvage gear, its expertise in preventing loss due to sinking and by otherwise exhibiting ingenuity and skill as is more specifically set forth on the written narrative salvage demand dated attached hereto as Exhibit "2". As of this filing, FAST RESPONSE has not been paid for its salvage services.

31.     At all material times, FAST RESPONSE subsequently released the M/Y "WHAT HURTS" to the Defendants as the owners and/or operators of the Vessel who signed the Fast Response Standard Form Marine Salvage Contract attached to the salvage demand as Exhibit "A" for the benefit of the Vessel, *in rem* and *quasi in rem*, and the Defendant owners and operators of the vessel *in personam* and *quasi in rem*.

32.     At all material times and prior to assistance being rendered, the Defendants

recognized that the M/Y "WHAT HURTS" was in significant peril.

33.     At all materials times, the Defendants knew that salvage services were being performed on the Vessel, agreed to the services, promoted the services, failed to object and/or acquiesced to any and all services provided.

34.     At all material times, the Plaintiff is informed, believes and thereupon alleges that before and during the salvage services provided by the Plaintiff, the Vessel's owners, operators and insurers were notified that salvage services were being performed on the vessel for their benefit, agreed to the services, promoted the services, failed to object and/or acquiesced to any and all services provided.

35.     At all material times, the Vessel was subject to complete loss without the services provided by the Plaintiff.

36.     At all material times, the damages to the vessel were minimized by the actions of the Plaintiff for the benefit of the Defendants herein who would have incurred significant costs and expenses up to and including the total loss of the $1,600,000.00 vessel, and the loss of present and future charter hire, but for the actions taken by the Plaintiff to salvage the vessel.

37.     At all material times, the Plaintiff's salvage efforts spared the Defendants from a total loss of the vessel, as well as environmental fines and penalties.

38.     At all material times, the Defendants received a direct and pecuniary benefit from Plaintiff's salvage efforts and are liable to the Plaintiff for salvage compensation based on the benefit received from the salvage.

39.     At all material times, and in the alternative, Plaintiff was and is an intended or incidental beneficiary to the policy of marine insurance which, on information and belief, required

Case 2:23-cv-00658-JDC-RDK   Document 1   Filed 06/07/24   Page 14 of 29   PageID #: 365

FAST RESPONSE MARINE TOWING
& SALVAGE LLC. vs. M/Y "WHAT HURTS", et al.
Verified Complaint

the Defendant owners and operators of the vessel to "sue and labor" to protect the vessel from further damage or loss.

40.     This Verified Complaint is filed to toll the statute of limitations period set forth at 46 U.S.C. §80107(c)[1] and, in addition, for the purpose of seeking security for (and, as required, satisfaction of) any salvage award which may issue in FAST RESPONSE's favor by way of an arrest of the Defendant Vessel in foreclosure of its maritime lien for salvage and/or attachment of the Vessel for breach of contract and/or otherwise failing to pay the Plaintiff for the services provided.

41.     FAST RESPONSE possesses a reasonable belief that the transportation of the M/Y "WHAT HURTS" out of the United States and to a foreign jurisdiction could occur at any time. Plaintiff further is informed, believes and thereupon alleges that the identity of the owners and operators has been concealed by the Defendants who have flagged the vessel "by convenience" in a jurisdiction where ownership details are not public record to secret themselves and have further concealed the visible location of the vessel to avoid the application of law.

42.     The United States District Court has exclusive jurisdiction to hear *in rem* and *qausi in rem* disputes and salvage disputes.

## EQUITABLE UPLIFT

43.     FAST RESPONSE is a professional marine salvage company maintaining vessels

---

[1] 46 U.S.C. § 80107(c) Time limit on bringing actions. A civil action to recover remuneration for giving aid or salvage services must be brought within 2 years after the date the aid or salvage services were given, unless the court in which the action is brought is satisfied that during that 2-year period there had not been a reasonable opportunity to seize the aided or salvaged vessel within the jurisdiction of the court or within the territorial waters of the country of the plaintiff's residence or principal place of business.

and equipment capable of providing marine salvage services and, in fact, provides marine services on a year-round basis. Further, FAST RESPONSE invests significant monies and effort in training its personnel in marine salvage.

44. As a professional marine salvor, and in accord with the General Maritime Law, FAST RESPONSE seeks an equitable uplift of any award provided herein in an amount not less than five percent (5%) of the value of the vessel. See, e.g., B. V. Bureau Wiismuller v United States, 487 F. Supp. 156 (S.D. NY 1979).

## ATTORNEYS' FEES AND COSTS

45. At all material times it was and is beyond reasonable dispute that the M/Y "WHAT HURTS" was in significant risk of sinking, was in peril, that the vessel requested salvage assistance from FAST RESPONSE, and that the Vessel would have been lost but for the successful salvage efforts of the Plaintiff.

46. At all material times, FAST RESPONSE promptly extricated the M/Y "WHAT HURTS" from its position of peril which is a fact which cannot be reasonably disputed.

47. At all material times, FAST RESPONSE rendered its services voluntarily which is a fact which cannot be reasonably disputed.

48. At all material times, the Defendants' and/or their agents' failure and refusal to pay FAST RESPONSE and/or otherwise acknowledge FAST RESPONSE's claim of salvage makes an award of attorneys' fees and costs to FAST RESPONSE just, appropriate, and consistent with the tenets of the General Maritime Law's treatment of salvors and salvage claims. FAST RESPONSE is further entitled to a contractual award of attorneys' fees in this matter.

49. FAST RESPONSE has retained the law firm of McLeod Brock, in this action and

is obligated to pay a reasonable fee for the services rendered.

## PREJUDGMENT INTEREST

50.     Plaintiff seeks and is further entitled to prejudgment interest. *See*, Virgin Offshore

U.S.A. Inc. v. Tex. Crewboats, Inc., WL 1672321 *3 (W.D. La., June 7, 2007), *citing*, Complaint

of M/V Vulcan, 553 F.2d 489, 490-91(5th Cir. 1977). ("In admiralty cases, the award of

prejudgment interest from the date of loss is the rule rather than the exception.") FAST

RESPONSE is further entitled to contractual and statutory pre and post judgment interest, and any

interest provided by the general maritime law.

51.     All conditions precedent to bringing this action have been performed, satisfied,

waived, occurred, or otherwise discharged.

## COUNT I

### FORECLOSURE OF MARITIME LIEN FOR PURE SALVAGE
### (*In Rem* – the M/Y "WHAT HURTS")

52.     FAST RESPONSE adopts and reasserts the allegations set forth in paragraphs 1

through 51 above as if fully set forth herein and further states as follows.

53.     The salvage services rendered by FAST RESPONSE resulted in the successful

removal of the M/Y "WHAT HURTS" from its position of extreme peril.

54.     The salvage services rendered by FAST RESPONSE yielded a useful result.

55.     FAST RESPONSE voluntarily rendered salvage services and had no preexisting

duty or obligation to do so.

56.     The salvage services rendered by FAST RESPONSE were of a high order.

57.     By virtue of having voluntarily and successfully delivered the M/Y "WHAT

HURTS" from its condition of extreme peril, FAST RESPONSE is entitled to, among other things,

a salvage award in the amount of its demand set forth herein.

58.     Pursuant to the general maritime law, FAST RESPONSE possesses a maritime lien

against the M/Y "WHAT HURTS" and her engines, generators, tender, tackle, equipment,

furnishings, electronics, contents and appurtenances, etc. for all services rendered.

WHEREFORE, Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE, LLC,

prays the following:

A.      That process in due form of law in admiralty and maritime cases according to the rules and laws of this Court in causes of admiralty and maritime jurisdiction issue against the M/Y "WHAT HURTS", a motor yacht, her engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, etc., *in rem*, and that all persons claiming an interest therein be cited to appear and answer the Plaintiff's Complaint;

B.      That Plaintiff be decreed to have a lien of high order upon the M/Y "WHAT HURTS" as described herein and that such lien be foreclosed in accordance with the law and that the vessel be condemned and sold in payment of the amount due and all other such sums owed;

C.      That Plaintiff be permitted to bid its judgment against the M/Y "WHAT HURTS" at a United States Marshal's Sale; and that this Court further award Plaintiff the total amount of Plaintiff's $297,600.00 salvage claim, plus pre and post-judgment interest and costs, expenses of custody, expert expense, and that Plaintiff be permitted to recover the same from the Defendant Vessel, *in rem*.

D.      Upon proper notice and hearing, judgment be entered against the Defendants fully compensating the Plaintiff awarding compensatory, special and general damages, together with pre-judgment interest, post judgment interest, costs, custodial legis expenses, expert expense, and attorneys' fees;

E.      That any deficiency after sale of the Defendant Vessel be made as a judgment in favor of Plaintiff and against the *in personam* and *quasi in rem* Defendants; and

–17–

F.    That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice.

## COUNT II

## CLAIM FOR SALVAGE AWARD

### (*In Personam* and *Quasi In Rem* vs. WHAT HURTS, LLC, BRENT LORING, PENKLOR, INC. D/B/A THE PARKWAY COMPANY AND THE PARKWAY COMPANY)

59.    FAST RESPONSE adopts and reasserts the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein and further states as follows.

60.    Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District Court of Florida, and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims and the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "1".

61.    The salvage services rendered by FAST RESPONSE resulted in the successful removal of the M/Y "WHAT HURTS" from its position of extreme peril.

62.    The salvage services rendered by FAST RESPONSE yielded a useful result.

63.    FAST RESPONSE voluntarily rendered salvage services and had no preexisting duty or obligation to do so.

64.    By virtue of having voluntarily and successfully delivered the M/Y "WHAT HURTS" from its condition of extreme peril, FAST RESPONSE is entitled to, among other things, a salvage award in the amount of its demand set forth above.

65.    At all material times, Defendants were and are believed to be owners of the M/Y

−18−

"WHAT HURTS" and/or otherwise possess a pecuniary interest in the M/Y "WHAT HURTS" including on the date of the instant salvage.

66.     At all material times, the Defendants are liable, *in personam* and *quasi in rem*, for the services rendered by FAST RESPONSE.

67.     At all material times, the owners, operator and/or insurer of the M/Y "WHAT HURTS" authorized FAST RESPONSE to render salvage services to the Vessel.

68.     At all material times, FAST RESPONSE successfully prevented the loss of the M/Y "WHAT HURTS" by utilizing, among other things, its salvage gear, its expertise in preventing loss due to sinking and by otherwise exhibiting ingenuity and skill as is more specifically set forth on the salvage demand attached hereto as Exhibit "2".

69.     At all material times, FAST RESPONSE released the M/Y "WHAT HURTS" to her owners, operators and/or insurers who signed the Fast Response Standard Form Marine Salvage contract attached to the salvage demand as Exhibit "A".

70.     At all material times, FAST RESPONSE performed, and the salvage services rendered by FAST RESPONSE resulted in the successful removal of the M/Y "WHAT HURTS" from its position of extreme peril.

71.     At all material times, the Defendants breached the Plaintiff's contract and have, to date, failed to pay the Plaintiff as called for by the contract.

72.     At all material times, the Defendants' breach of contract has proximately and directly caused the Plaintiff damages as set forth herein.

73.     Although FAST RESPONSE demanded payment, no payment has been received for these services. Thus, FAST RESPONSE has been forced to retain the services of the

undersigned law firm and is obligated to pay reasonable fee for such services.

74.     At all material times, FAST RESPONSE is entitled to attach the assets of Defendants who cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida, and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims and the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "1".

75.     At all material times, Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims expressly provides that "[i]f a defendant is not found within the district when a verified complaint praying for attachment, and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property up to the amount sued for in the hands of the garnishee named in the process."

76.     At all material times, FAST RESPONSE is informed, believes and thereupon alleges that assets belonging to Defendants are currently located within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida or will be located within the Southern District of Florida during the pendency of this action, and would respectfully request that this Court direct the Clerk issue a Writ of Foreign Attachment against all assets of Defendants located within the Southern District of Florida. More specifically, since Defendants cannot be found within the district at the time of the initial filing, that property including, but not limited to the Motor Yacht "WHAT HURTS," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, and other goods and chattels, or credits and effects, cash, letters of credit, or other

–20–

monies or assets belonging to, or to become owing to, or established by or on behalf of the

Defendants, jointly or individually, or any other funds or assets held by any garnishee, be attached

in this proceeding under a Writ of Maritime Attachment and Garnishment to secure the Plaintiff's

claims, and that all persons claiming any interest in the same be cited to appear and answer the

matters alleged in the complaint pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims.

WHEREFORE, Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE, LLC.,

by and through undersigned counsel, demands judgment for its damages, together with interest,

costs, and attorneys' fees, expert fees, and custodial legis expenses, against the Defendants,

WHAT HURTS, LORING, PENKLOR, AND PARKWAY, and further prays:

A   That summons issue citing Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, *in personam*, to appear and answer the aforesaid matters;

B.   That a Summons with a process of attachment and garnishment may issue against the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY; and if the Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, then their goods, chattels, and credits within the district, including but not limited to the Motor Yacht "WHAT HURTS" her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, and all moneys, credits, tangible and intangible personal property of the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, in the District be attached in an amount sufficient to answer the Plaintiff's claim;

C.   That a judgement may be entered in favor of the Plaintiff for the amount of its claim, with interest, costs, expert fees, and attorney fees, and that a decree of condemnation may be issued against the property and credits of the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, for the amount of the Plaintiff's claim plus interest, costs, expert fees, and attorney fees;

D.   That a judgment may be entered in favor of the Plaintiff and against the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, in the amount of its indebtedness, with interest, costs, expenses, expert fees, and attorney fees, and that the Motor Yacht "WHAT HURTS," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, be condemned and sold to pay the demands and claims of the Plaintiff against WHAT HURTS, LORING, PENKLOR, AND PARKWAY;

E.   That Plaintiff be permitted to bid its judgment against the M/Y "WHAT HURTS" and any other asset seized at a United States Marshal's sale;

F.   That a judgment may be entered in favor of the Plaintiff and against the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, in the amount of its indebtedness, with interest, costs, expenses, expert fees, and attorney fees;

G.   That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice; and

H.   That the Plaintiff may have such other and further relief that this Court deems just and proper.

FAST RESPONSE MARINE TOWING
& SALVAGE LLC. vs. M/Y "WHAT HURTS", et al.
Verified Complaint

## COUNT III

## BREACH OF CONTRACT

### (*In Personam* and *Quasi In Rem* vs. WHAT HURTS, LLC, BRENT LORING, PENKLOR, INC. D/B/A THE PARKWAY COMPANY AND THE PARKWAY COMPANY)

77.    FAST RESPONSE adopts and reasserts the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein and further states as follows.

78.    Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District Court of Florida, and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims and the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "1".

79.    The salvage services rendered by FAST RESPONSE resulted in the successful removal of the M/Y "WHAT HURTS" from its position of extreme peril.

80.    The salvage services rendered by FAST RESPONSE yielded a useful result.

81.    FAST RESPONSE voluntarily rendered salvage services and had no preexisting duty or obligation to do so.

82.    By virtue of having voluntarily and successfully delivered the M/Y "WHAT HURTS" from its condition of extreme peril, FAST RESPONSE is entitled to, among other things, a salvage award in the amount of its demand set forth above.

83.    At all material times, Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, were and are owners of the M/Y "WHAT HURTS" and/or otherwise possess a

–23–

pecuniary interest in the M/Y "WHAT HURTS" including on the date of the instant salvage.

84.     At all material times, Defendants are liable, *in personam* and *quasi in rem*, for the services rendered by FAST RESPONSE.

85.     At all material times, the owner, operator and/or insurer of the M/Y "WHAT HURTS" authorized FAST RESPONSE to render salvage services to the Vessel.

86.     At all material times, FAST RESPONSE successfully prevented the loss of the M/Y "WHAT HURTS" by utilizing, among other things, its salvage gear, its expertise in preventing loss due to sinking, and by otherwise exhibiting ingenuity and skill as is more specifically set forth on the salvage demand attached hereto as Exhibit "2".

87.     At all material times, FAST RESPONSE released the M/Y "WHAT HURTS" to her owners, operators and/or insurers who signed the Fast Response Standard Form Marine Salvage contract attached to the salvage demand as Exhibit "A".

88.     At all material times, FAST RESPONSE performed, and the salvage services rendered by FAST RESPONSE resulted in the successful removal of the M/Y "WHAT HURTS" from its position of extreme peril.

89.     At all material times, the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, breached the Plaintiff's contract and has, to date, failed to pay the Plaintiff as called for by the contract.

90.     At all material times, the Defendants' breach of contract has proximately and directly caused the Plaintiff damages as set forth herein.

91.     Although FAST RESPONSE demanded payment, no payment has been received for these services. Thus, FAST RESPONSE has been forced to retain the services of the

–24–

FAST RESPONSE MARINE TOWING
& SALVAGE LLC. vs. M/Y "WHAT HURTS", et al.
Verified Complaint

undersigned law firm and is obligated to pay reasonable fee for such services.

92.     At all material times, FAST RESPONSE is entitled to attach the assets of Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, who cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida, and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims and the local Rules of this Court. See, Affidavit of Foreign Attachment, attached hereto as Exhibit "1".

93.     At all material times, Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims expressly provides that "[i]f a defendant is not found within the district when a verified complaint praying for attachment, and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property up to the amount sued for in the hands of the garnishee named in the process."

94.     At all material times, FAST RESPONSE is informed, believes and thereupon alleges that assets belonging to Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, are currently located within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida or will be located within the Southern District of Florida during the pendency of this action, and would respectfully request that this Court direct the Clerk issue a Writ of Foreign Attachment against all assets of Defendants located within the Southern District of Florida. More specifically, since Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, cannot be found within the district at the time of the initial filing, that property including, but not limited to the Motor Yacht "WHAT HURTS," her engines,

–25–

bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto

appertaining and belonging to her, and other goods and chattels, or credits and effects, cash, letters

of credit, or other monies or assets belonging to, or to become owing to, or established by or on

behalf of the Defendants, jointly or individually, or any other funds or assets held by any garnishee,

be attached in this proceeding under a Writ of Maritime Attachment and Garnishment to secure

the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and

answer the matters alleged in the complaint pursuant to Rule B of the Supplemental Rules for

Certain Admiralty and Maritime Claims.

WHEREFORE, Plaintiff, FAST RESPONSE MARINE TOWING & SALVAGE, LLC.,

by and through undersigned counsel, demands judgment for its damages, together with interest,

costs, and attorneys' fees, expert fees, and custodial legis expenses, against the Defendants,

WHAT HURTS, LORING, PENKLOR, AND PARKWAY, and further prays:

A   That summons issue citing Defendants, WHAT HURTS, LORING, PENKLOR,
     AND PARKWAY, *in personam*, to appear and answer the aforesaid matters;

B.   That a Summons with a process of attachment and garnishment may issue against
     the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY; and if
     the Defendants cannot be found within this district within the meaning of Rule B
     of the Supplemental Rules for Certain Admiralty and Maritime Claims, then their
     goods, chattels, and credits within the district, including but not limited to the Motor
     Yacht "WHAT HURTS" her engines, bowsprit, anchor, cables, chains, rigging,
     tackle, apparel, furniture and all accessories, hereunto appertaining and belonging
     to her, and all moneys, credits, tangible and intangible personal property of the

Defendant, WHAT HURTS, in the District be attached in an amount sufficient to answer the Plaintiff's claim;

C.    That a judgement may be entered in favor of the Plaintiff for the amount of its claim, with interest, costs, expert fees, and attorney fees, and that a decree of condemnation may be issued against the property and credits of the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, for the amount of the Plaintiff's claim plus interest, costs, expert fees, and attorney fees;

D.    That a judgment may be entered in favor of the Plaintiff and against the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, in the amount of its indebtedness, with interest, costs, expenses, expert fees, and attorney fees, and that the Motor Yacht "WHAT HURTS," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, be condemned and sold to pay the demands and claims of the Plaintiff against WHAT HURTS;

E.    That Plaintiff be permitted to bid its judgment against the Motor Yacht "WHAT HURTS," and any other asset seized at a United States Marshal's Sale;

F.    That a judgment may be entered in favor of the Plaintiff and against the Defendants, WHAT HURTS, LORING, PENKLOR, AND PARKWAY, in the amount of its indebtedness, with interest, costs, expenses, expert fees, and attorney fees;

G.    That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice; and

H.    That the Plaintiff may have such other and further relief that this Court deems just

and proper.

Dated: February 20, 2022.                    Respectfully Submitted,

                                             MCLEOD BROCK

                                             /s/ Michael W. McLeod
                                             Michael W. McLeod, Esquire
                                             Fla. Bar #956831
                                             McLeod Brock
                                             Mailing Address:
                                             150 E. Palmetto Park Road, Suite 800
                                             Boca Raton, Florida 33432
                                             South Florida Office: (561) 465-7517
                                             Facsimile: (561) 516-6188
                                             E-Mail mmcleod@mmcleodbrock.com
                                             Attorneys for Plaintiff FAST RESPONSE
                                             MARINE TOWING & SALVAGE, LLC

## VERIFICATION

STATE OF FLORIDA)
COUNTY OF DADE)

      COMES NOW, Charles Hansen, who deposes and says:

      1.     My name is Charles Hansen, I am a citizen of the United States, over the age of eighteen (18), and of sound mind.

      2.     I am the manager of Fast Response Marine Towing and Salvage, LLC.

      3.     I have read the foregoing Verified Complaint with Request for Issue of Supplemental Maritime Rule B Writ of Foreign Attachment and Supplemental Rule C Warrant of Arrest ("Verified Complaint") and know the contents thereof and the same are true to the best of my knowledge, except as to those matters therein stated to be on information and belief, and as to those matters, I believe them to be true.

      4.     The sources of my information and the grounds of my belief are my personal knowledge as the manager of FAST RESPONSE MARINE TOWING & SALVAGE, LLC., and a salvor responding to the M/Y "WHAT HURTS" in addition to documents and other information in my possession.

      Further affiant sayeth naught.

      I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT.

                               CHARLES HANSEN

                       DATE: 02/20/2023

–29–