**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| WHAT HURTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VOLVO PENTA OF <br> THE AMERICAS, LLC, <br><br> Defendant. | Case No. 2:22-cv-00552-MSD-LRL |

<u>**DEFENDANT VOLVO PENTA OF THE AMERICAS, LLC'S FIRST REQUESTS FOR**</u>
<u>**PRODUCTION TO PLAINTIFF WHAT HURTS LLC**</u>

Defendant Volvo Penta of the Americas, LLC ("VPA"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 34, hereby Requests that Plaintiff What Hurts, LLC, produce the following documents within the time and manner provided by Federal Rule of Civil Procedure 34

<u>**INSTRUCTIONS**</u>

1.      Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests.

2.      These Requests are directed to and do so cover all documents in Plaintiff's possession, custody or control, or in the possession, custody, or control of Plaintiff's representatives, including, but not limited to, any of its employees, agents, or attorneys, and any other person acting for, on behalf of, or under the authority or control of, Plaintiff.

3.      When producing the documents, please keep all documents segregated by the file

in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

     4.     You shall produce documents responsive to these Requests in such a manner that the source of the documents is easily ascertainable.

     5.     When producing the requested documents, please produce all other documents that are clipped, stapled, or otherwise attached to any requested document.

     6.     In the event such file(s) or document(s) has (have) been removed, either for the purpose of this Action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub file, if any, maintained within the file, and the present location of the file.

     7.     If you withhold any documents that you are otherwise required to produce by these Requests, specifically identify each document by stating its date, author, recipients, and the reason for withholding said document.

     8.     If you choose to withhold any documents from production or inspection on the grounds of privilege or other immunity from discovery, please provide the following information: the type of document, general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege claimed (including work-product), and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

     9.     If any document herein requested has been lost or destroyed, or is otherwise no longer in your possession, custody or control, please submit in lieu of each document a written statement which shall:

(a)  describe in detail the nature of the document and its contents;

(b)  identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

(c)  specify the date on which the document was prepared or transmitted or both;

(d)  specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the person(s) requesting and performing the destruction; and

(e)  if the document was not destroyed, what was done with the document, and the identity and address of its current custodian or any person with knowledge of its location.

10.     You are under a continuous obligation to supplement your responses to these requests under the circumstances specified in Federal Rule of Civil Procedure 26(e).

11.     Unless otherwise specified in the individual Requests, the time frame for these Requests is from January 1, 2014 to the present.

## DEFINITIONS

1.      **Action**.  The term "Action" shall mean the action styled *What Hurts, LLC v. Volvo Penta of the Americas*, Case No. 2:22-cv-00552-MSD-LRL, now pending in the United States District Court for the Eastern District of Virginia.[1]

2.      **Agent**.  The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

3.      **Communication.**  The term "communication" includes every exchange of

---

[1] The Action was initially filed in Florida but transferred to this Court.  References to the "Action" shall include all materials filed in Florida court as well.

information by any means.  Whenever, in the interrogatories below, there is a request to identify any "communications," you are requested to set forth: (i) each person making such communication; (ii) each person to whom each such communication was made; (iii) all other persons present during, participating in, or receiving the communication and the location of each such person at the time; (iv) the date and time of each such communication; and (v) the substance of each such communication.

4.     **Complaint**.  The "Complaint" shall mean the current operative complaint, which is Plaintiff's Amended Complaint, filed in the Action on February 17, 2023 [ECF 35].

5.     **Concern/Relate to/Regarding**.  The terms "concern," "relate to," "regarding" and/or other derivatives shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, relate or relating to, refer or referring to, pertain or pertaining to, reflect or reflecting, describe or describing, contradict or contradicting, support or supporting, evidence or evidencing, evaluate or evaluating, discuss or discussing, embody or embodying, mention or mentioning, record or recording, study or studying, analyze or analyzing and constituting or in any way legally, logically or factually connected with the matter being discussed either in whole or in part and without limitation.

6.     **Contact**.  The term "contact" means any communication, association, meeting or interaction, either verbally, written, or direct, whether in the presence of another person or through the use of any method of communication which persons are not in the immediate presence of each other, including but not limited to, any verbal or nonverbal communication.

7.     **Date**.  The term "date" shall mean the exact date, month and year, if ascertainable, or if not, the best approximation of the date (based upon relationship with other events).

8.     **Describe**.  To "describe" any fact, act, occurrence, omission, or series of facts,

4

occurrences, or omissions means to provide the following information: (i) the identity of each and every person who has knowledge of the fact, act, occurrence, omission, or series of facts, acts, occurrences, or omissions; (ii) the date(s) of each fact, act, omission, or occurrence; (iii) a narrative description of each fact, act, occurrence, omission or series of facts, acts, occurrences, or omissions; and (iv) the identity of each and every document related to the fact, act, occurrence, omission, or series of facts, acts, occurrences, or omissions.

9.   **Document**.   The term "document" means any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form and including, but not being limited to: papers, books, emails, Internet files, accounts, newspapers and magazine articles, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences, or of other meetings, occurrences, or transactions, affidavits, transcripts of depositions or hearings, statements, summaries, opinions, reports, tests, experiments, analyses, evaluations, contracts, agreements, ledgers, journals, books or records of account, receipts, summaries of accounts, balance sheets, income statements, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing however, denominated.  The word "document" shall also encompass "electronically stored information," as defined herein.  Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these interrogatories.

10.   **Electronically Stored Information.**  The term "electronically stored information"

or "ESI" shall have the fullest and most complete meaning ascribed to it under the Federal Rules of Civil Procedure, and shall include sound recordings, images, e-mails, spreadsheets, Power Points, databases, and other data or data compilations stored in any medium from which information can be obtained.

11.    **Engines**.  The term "Engines" refers to both the Original Engines and Replacement Engines.

12.    **First Interrogatories**.  "First Interrogatories" shall mean VPA's First Set of Interrogatories to Plaintiff, which were served contemporaneously herewith.

13.    **First RFPs.**  "First RFPs" shall mean these First Requests for Production of Documents.

14.    **Plaintiff(s) and/or You**.  "Plaintiffs" and/or "You" shall mean collectively Plaintiff What Hurts, LLC, and any of its agents, representatives, attorneys or other persons acting or purporting to act on his behalf, specifically including but not limited to Lee Grammas or Brent Loring.  The terms shall be construed as is necessary to bring within the scope of these interrogatories all responses that might otherwise be construed to be outside their scope.

15.    **Identify (with respect to documents)**.  When referring to documents, "identify," "identity" or "identification" means to give: (i) the type of document;  (ii) its general subject matter;  (iii) the date of the document; (iv) the identity of each author, addressee and recipient or intended recipient of the document;  (v) a summary of the document's contents; and (vi) if the document has been destroyed or otherwise is not available, detail the efforts to locate the document and give the reason for its unavailability.

16.    **Identify (with respect to entities other than natural persons)**.  When referring to an entity, "identify," "identity" or "identification" means to give the entity's:  (i) full name; (ii)

6

type of business and/or business purpose; (iii) present or last known address of its principal place of business; (iv) present or last known business telephone number; (v) the nature or form of such entity; and (vi) the jurisdictions in which such entity is incorporated, authorized to do business, or otherwise registered or to be found.

17.    **Identify (with respect to natural persons or individuals)**.  When referring to a natural person or individual, "identify," "identity" or "identification" means to give the person's or individual's:  (i) full name; (ii) job title; (iii) present or last known employer; (iv) present or last known business address; (v) present or last known home address; (vi) present or last known business telephone number; and (vii) present or last known home telephone number.

18.    **Identify (with respect to a communication)**.  The term "identify" when used in reference to a communication means you shall state: (i) its nature and type (e.g., telephone, personal or other conversation, correspondence, telegram, etc.); (ii) a description of the subject matter of the communication; (iii) the date and place where such communication occurred; (iv) the identity of each person who participated in, was present during, or otherwise witnessed any part of such communication; and (v) the identity of each document in which such communication was recorded, described or referenced.

19.    **Identify (with respect to an act)**.  The term "identify" when used in reference to an act, action or event means: (i) its nature and the sequence of steps in its occurrence; (ii) the date and time it occurred; (iii) where it occurred; (iv) the persons who were involved; (v) who or what caused the act, action or event to occur; and (vi) the purposes or reasons for its occurrence.

20.    **Identify (when used in other contexts)**.  The term "identify" when used in any context other than as defined above shall mean: (i) a description of the subject to be identified; (ii) and specification of the documents or communications in which the subject is or was recorded,

described or referred; and (iii) all other information necessary to fully identify the subject.

21.    **Including**. The term "including" shall be construed without limitation.

22.    **Information**. The term "information" shall be construed expansively and shall include, but not be limited to, facts, data, opinions, images, impressions, concepts and formulae.

23.    **Original Engines.** "Original Engines" shall mean the VPA engines provided with the Vessel at the time of sale, as identified in paragraph 10 of Plaintiff's Complaint.

24.    **Owner(s)**. The term "Owner(s)" shall mean Brent Loring and/or Lee Grammas, as the individual owners and authorized agents of What Hurts, LLC, the Vessel, the Original Engines, and/or the Replacement Engines, as identified in paragraph 16 of the Complaint. The term shall be construed broadly, as makes logical sense given the context of the Interrogatory.

25.    **Person**. The term "person" includes any natural person, firm, partnership, joint venture, corporation, sole proprietorship, trust, union, association, federation, labor organizations, legal representatives, trustees, trustees in bankruptcy, receivers, business entities, any other form of business, governmental, public, charitable entity, or group of natural persons or such entities.

26.    **Replacement Engines**. The term "Replacement Engines" shall refer to the VPA engines that were sent to Plaintiff as part of the Settlement Agreement, as identified in paragraph 17 of the Complaint.

27.    **Settlement Agreement**. The term "Settlement Agreement" shall mean the General Release and Confidentiality Agreement executed by the parties in or around March 2021 and attached as Exhibit B to the Complaint.

28.    **Third Party/Parties**. The term "third party" or "third parties" refers to individuals or entities that are not a party to this Action.

29.    **Upgraded Lower Units**. The term "Upgraded Lower Units" shall refer to the

lower units provided along with the Replacement Engines, as identified in paragraph 18 of the Complaint.

30.     **Vessel**. The term "Vessel" refers to the 60' Midnight Express Motor Yacht named "What Hurts," as identified in paragraph 3 of the Complaint.

31.     **What Hurts**. The term "What Hurts" shall mean collectively Plaintiff What Hurts, LLC, and any of its agents, representatives, attorneys or other persons acting or purporting to act on his behalf, specifically including but not limited to Lee Grammas or Brent Loring.  The terms shall be construed as is necessary to bring within the scope of these interrogatories all responses that might otherwise be construed to be outside their scope.

## REQUESTS FOR PRODUCTION

1.     All documents reviewed, referred to, or relied upon in connection with the preparation of the Complaint.

2.     All documents reviewed, referred to, or relied upon in connection with the preparation of your answers to VPA's First Interrogatories.

3.     All statements, declarations or affidavits (written, recorded, sworn or otherwise), provided from or produced to you by anyone that refer or relate to the subject matter of this Action.

4.     Any photographs, motion pictures, videotapes, drawings or reproductions of any type showing or depicting the Vessel, Engines, Lower Units, or otherwise concerning Plaintiff's claims against VPA.

5.     All notes, diary entries, calendar entries or other documents related to any communications, conferences or meetings between or among you, VPA, and/or any Person, regarding the subject matter of this Action.

9

6.      All documents relating to your purchase of the Vessel, including but not limited to correspondence leading up to the purchase and the invoice(s) for the purchase.

7.      All communications between or among you, VPA, and/or any Person, regarding your purchase of the Vessel, including the Engines and component parts.

8.      All documents regarding any inspection or survey of the Vessel, including the Engines and component parts.

9.      All communications between or among you, VPA, and/or any Person, regarding any inspection or survey of the Vessel, including the Engines and component parts.

10.     All documents regarding any requested repairs or actual repairs conducted on the Vessel, including the Engines and component parts.

11.     All communications between or among you, VPA, and/or any Person, regarding any requested repairs or actual repairs conducted on the Vessel, including the Engines and component parts.

12.     Any and all documentation or other written memoranda which pertains to each and every attempt on the part of Plaintiffs to obtain correction of the alleged defects or non-conformities as alleged in the Complaint.

13.     Any and all documentation or other written memoranda relating to any attempts to sell the Vessel or Engines by Plaintiff.

14.     All value estimates for the Vessel.

15.     All value estimates for the Engines.

16.     Any and all maintenance logs relating to service on the Vessel, the Engines and/or any component parts.

17.     A copy of the Vessel's U.S.C.G. documentation, any state registration, and any international registrations.

18.     All cancelled checks, wire transfer confirmations, and any other written records showing payments made by or on behalf of Plaintiff for repairs or services performed on the Vessel, including the Engines and component parts.

19.     All documents regarding the condition of the Vessel, including the Engines and component parts.

20.     All communications between or among you, VPA and/or any Person, regarding the condition of the Vessel, including the Engines and component parts.

21.     All documents relating to communications or correspondence between you and VPA.

22.     All documents relating to non-privileged communications involving the Settlement Agreement.

23.     All documents that you contend reflect a waiver of the Settlement Agreement's confidentiality clause.

24.     All contracts formed between you and VPA.

25.     All documents relating to VPA's alleged breach of any contract between you and VPA regarding the subject matter of this Action.

26.     All documentation in any way related to statements that you contend are fraudulent, as alleged in this action.

27.     All documentation in any way related to information that you contend was fraudulently concealed, as alleged in this action.

11

28.     Any and all documents that you contend provide evidence that the information provided by VPA was false.

29.     Any and all documents that you contend provide evidence that VPA concealed material information from Plaintiff.

30.     Any and all documents that relate to performance or testing evaluations for the Replacement Engines and/or Upgraded Lower Units.

31.     Any and all documents that you contend provide evidence that the Replacement Engines and Upgraded Lower Units were "incompatible."

32.     Any and all documents related to your contention that the Seven Marine brand had "serial defects and ongoing issues in the marine industry that plagued [its] reputation and pedigree."

33.     All alleged warranties provided to you by VPA regarding the subject matter of this Action.

34.     All documents relating to VPA's alleged breach of any alleged warranty provided to you by any of the VPA regarding the subject matter of this Action.

35.     If you contend that VPA made any representations to you that you relied upon, produce all documents relating to those representations and/or that demonstrate that the representations were false.

36.     All non-privileged documents related in any way to the Settlement Agreement reached by the Parties.

37.

38.     If you contend that VPA failed to fulfill any of its promises or representations to you, produce all documents that concern those representations or promises and/or that concern VPA's failure to perform any of those promises or representations.

39.     Any and all documents supporting or otherwise relating to your allegation that the Original Engines failed to function as warranted and represented, as alleged in the Complaint.

40.     Any and all documents supporting or otherwise relating to your allegation that the Replacement Engines failed to function as warranted and represented, as alleged in the Complaint.

41.     Any and all documents supporting or otherwise relating to your allegation that the Upgraded Lower Units failed to function as warranted and represented, as alleged in the Complaint.

42.     Any and all documents that relate to the amount of damages that you claim are owed by VPA to you in this Action.

43.     Any and all documents that you relied upon, reviewed, or considered in determining the amount of damages that you claim are owed by VPA to you in this Action.

44.     All documents describing, demonstrating or otherwise relating to any appraisals or valuations of the Vessel, including the Engines and Lower Units.

45.     All documents describing, demonstrating or otherwise relating to the assumptions, variables, calculations, and formulas underlying any appraisals or valuations of the Vessel, including the Engines and Lower Units.

46.     All insurance policies, including any umbrella or excess coverage policies, held by or for Plaintiffs, or in which either Plaintiff is a named insured, which provide coverage for the Vessel or Engines.

47.     All documents related to any insurance claims that have been made by or on behalf of Plaintiff related to the Vessel or the component parts (specifically including but not limited to coverage related to the Engines), including statements of insured, copy of the claim, correspondence to and from the insurer, correspondence with third parties, and documents showing payment of or denial of payment of the claim.

48.     Any and all documents that relate to any memoranda, reports, statements, summaries and/or opinions that you have obtained from any person whom you propose to call as an expert witness at any hearing in this Action.

49.     Any and all documents in which each person identified by you as an expert in this Action bases any opinion, or which are grounds for his or her opinion, testimony, or expected testimony.

50.     Any and all documents that constitute the résumé or curriculum vitae of each person identified by you as an expert.

51.     Any and all documents that summarize, contain, or relate to the opinions, testimony, or expected testimony of each person identified by you as an expert.

52.     Any and all documents that constitute, reference, or relate to any communication between you and any person identified by you as an expert.

53.     Any and all documents constituting reports, statements, papers, treatises, theses, articles and other publications, presentations, or submissions which were prepared by any person identified by you as an expert and which in any way relate to the subject matter of this Action.

54.     Any and all documents supplied or transmitted by you, or which you caused to be supplied or transmitted, to any person identified by you as an expert.

55.    Any and all documents that you may introduce into evidence at any hearing or trial in this Action.

56.    Any and all documents demonstrating efforts to mitigate damages, including any communications regarding a sale of the Vessel or Engines.

57.    Any and all documents concerning any component parts, after-market parts, and/or other parts installed on the Vessel either at the time of purchase or after purchase, including any electronic packages and/or devices.

**PLEASE TAKE NOTICE** that Defendant Volvo Penta of the Americas, LLC will object to the introduction at trial of any document not produced in response to the foregoing Requests and to any evidence about any requested document which has not been revealed by an appropriate response to these Requests

Dated:  July 18, 2023                              Respectfully submitted,

By: _____
Christopher A. Abel
(VSB No. 31821)
Amelia A. Gilmer
(VSB No. 98202)
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:  757.628.5500
Facsimile:   757.628.5566
cabel@wilsav.com
agilmer@wilsav.com
*Local Counsel for Defendant Volvo*
*Penta of the Americas, LLC*

Christina M. Paul, *pro hac vice*
(FL Bar No. 596876)

15

Joshua C. Carpenter, *pro hac vice*
(FL Bar No. 109413)
K&L GATES LLP
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 3900
Miami, FL  33131-2399
Telephone:      305-539-3300
Facsimile:      305-358-7095
christina.paul@klgates.com
joshua.carpenter@klgates.com
*Florida Counsel for Defendant*
*Volvo Penta of the Americas, LLC*

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2023, the forgoing was served via e-mail and U.S. mail to the following counsel:

Scott A. Wagner, Esq.
WAGNER LEGAL
3050 Biscayne Blvd., Suite 701
Miami, FL 33137
Direct: 305-768-9247
Cell: 305-794-8508
sw@wagnerlegalco.com

*Florida Counsel for Plaintiff What Hurts, LLC*

Dustin Paul, Esq.
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main Street
Suite 500 World Trade Center
Norfolk, VA 23510
P (757) 446-8665
F (757) 446-8670
dustin.paul@wrvblaw.com

*Local Counsel for Plaintiff What Hurts, LLC*

By: _____
    Christopher A. Abel (VSB No. 31821)
    WILLCOX & SAVAGE, P.C.
    440 Monticello Avenue, Suite 2200
    Norfolk, Virginia 23510
    Telephone:     757.628.5500
    Facsimile:      757.628.5566
    cabel@wilsav.com
    *Local Counsel for Defendant Volvo Penta of the Americas, LLC*

17