**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| WHAT HURTS, LLC, | |
| Plaintiff, | |
| v. | Case No. 2:22-cv-00552-MSD-LRL |
| VOLVO PENTA OF THE AMERICAS, LLC, | |
| Defendant. | |

## DEFENDANT VOLVO PENTA OF THE AMERICAS, LLC'S NOTICE OF SERVING ITS FIRST SET OF INTERROGATORIES TO PLAINTIFF WHAT HURTS LLC

Defendant Volvo Penta of the Americas, LLC ("VPA"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 33, hereby propounds the following interrogatories to Plaintiff What Hurts, LLC to be answered under oath, in writing and served within the time and manner provided by Federal Rule of Civil Procedure 33.

### INSTRUCTIONS

1.    These Interrogatories are directed to Plaintiff What Hurts, LLC ("What Hurts" or "Plaintiff") and the answers are to be completed to the best of What Hurts' knowledge, by the person with the most knowledge, and based on the best knowledge of Plaintiff's counsel, agents, servants, investigators, employees, predecessors, representatives and any other person acting or purporting to act on Plaintiff's behalf.

2.    Each Interrogatory shall be answered separately and fully in writing, under oath, unless it is objected to, in which event the objecting party shall specifically state the grounds for the objection, including, but not limited to, any privilege or other immunity upon which you are relying, and shall answer to the extent the Interrogatory is not objectionable.

315867424.1

3.      In answering each Interrogatory, identify each document, communication, or act:

    a)  relied upon in the preparation of each answer;

    b)  which forms all or part of the basis for that answer;

    c)  which corroborates the answer; or

    d)  the substance of which forms all or part of the answer.

You may, in lieu of identifying any document or written communication, attach a true copy of such document or communication as an exhibit to the answers to these Interrogatories, including an explicit reference to the Interrogatory to which each such attached document or written communication relates.

4.      If you choose to withhold identification of a document from production or inspection on the grounds of privilege or other immunity from discovery, please provide the following information: the nature of the privilege claimed (including work product), the type of document, general subject matter of the document, such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including its date, author, addressee or recipient, relationship between the author and addressee, present location, custodian, and number of pages.

5.      If you object to fully identifying an oral communication because of a privilege, you must nevertheless provide the following information:

    a)  the nature of the privilege claimed (including work product);

    b)  if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c)  the date of the oral communication;

    d)  the place where it was made, the names of the persons present while it was

made, and, if not apparent, the relationship of the persons present to the declarant; and

e) the general subject matter of the oral communication.

6.      You may answer an Interrogatory in whole or in part by attaching a document(s) (as defined herein) which contains the requested information.  Such document(s) may, if authenticated, be a copy of the original.  Any document(s) used to answer an Interrogatory may contain other information as well.  The relevant portion of said document(s), however, must be so marked or indexed.

7.      Where, in answer to an Interrogatory, it is plain that there is or was communication or notice that substantiates or relates to said answer, state whether each such communication or notice was oral or written.  If written, attach a true copy thereof to your answers.  If oral, identify (as defined herein) each such communication.

8.      If the answer to all or any part of the Interrogatory is not presently known, or available, include a statement to that effect, furnish the information known or available, specify the nature and extent of your inability to answer the remainder, and respond to the entire Interrogatory by supplemental answer, in writing, under oath.  Please also state whatever information you have concerning the unanswered portions and identify the person(s) who may have additional knowledge or information regarding the subject.

9.      For each Interrogatory, please identify the person(s) from whom the information contained in the answer was obtained and the person(s) who swears to the truth of that information.

10.      Whenever, in any answer to any Interrogatory, a reference is made to one or more persons, specify by name the particular person to whom the reference is intended.

11.      Where an individual Interrogatory calls for an answer that involves more than one

part, each part of the answer should be clearly set forth and numbered or lettered to correspond with the appropriate subpart of that Interrogatory.

12.    Each of the following Interrogatories is to be regarded as continuing to the extent permitted under the Federal Rules of Civil Procedure.  If, subsequent to serving an answer to any Interrogatory and prior to the trial of this action, you obtain or become aware of additional information pertaining to that Interrogatory, you shall serve a supplemental sworn answer setting forth such information.

13.    The following rules of construction apply to these interrogatories:

(a) **and/or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each document request all responses that might otherwise be construed to be outside of its scope.

(b) **all/each**.  The terms "all" and "each" shall be construed as all and each.

(c) **number**.  The use of the singular form of any word includes the plural and vice versa.

(d) **any**:  The word "any" shall be understood to include and encompass "all" and vice versa.

(e) A masculine, feminine, or gender-free pronoun shall not exclude the other, or both, genders.

(f) Unless otherwise indicated, all words and terms used in these interrogatories shall mean their common connotations.

Unless otherwise specified in the individual interrogatories, the time frame for these Interrogatories is from January 1, 2014 to the present.

315867424.1

## DEFINITIONS

1.   **Action**.  The term "Action" shall mean the action styled *What Hurts, LLC v. Volvo Penta of the Americas*, Case No. 2:22-cv-00552-MSD-LRL, now pending in the United States District Court for the Eastern District of Virginia.[1]

2.   **Agent**.  The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

3.   **Communication.**  The term "communication" includes every exchange of information by any means.  Whenever, in the interrogatories below, there is a request to identify any "communications," you are requested to set forth: (i) each person making such communication; (ii) each person to whom each such communication was made; (iii) all other persons present during, participating in, or receiving the communication and the location of each such person at the time; (iv) the date and time of each such communication; and (v) the substance of each such communication.

4.   **Complaint**.  The "Complaint" shall mean the current operative complaint, which is Plaintiff's Amended Complaint, filed in the Action on February 17, 2023 [ECF 35].

5.   **Concern/Relate to/Regarding**.  The terms "concern," "relate to," "regarding" and/or other derivatives shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, relate or relating to, refer or referring to, pertain or pertaining to, reflect or reflecting, describe or describing, contradict or contradicting, support or supporting, evidence or evidencing, evaluate or evaluating, discuss or discussing, embody or embodying,

---

[1] The Action was initially filed in Florida but transferred to this Court.  References to the "Action" shall include all materials filed in Florida court as well.

315867424.1

mention or mentioning, record or recording, study or studying, analyze or analyzing and constituting or in any way legally, logically or factually connected with the matter being discussed either in whole or in part and without limitation.

6.      **Contact**.  The term "contact" means any communication, association, meeting or interaction, either verbally, written, or direct, whether in the presence of another person or through the use of any method of communication which persons are not in the immediate presence of each other, including but not limited to, any verbal or nonverbal communication.

7.      **Date**.  The term "date" shall mean the exact date, month and year, if ascertainable, or if not, the best approximation of the date (based upon relationship with other events).

8.      **Describe**.  To "describe" any fact, act, occurrence, omission, or series of facts, occurrences, or omissions means to provide the following information: (i) the identity of each and every person who has knowledge of the fact, act, occurrence, omission, or series of facts, acts, occurrences, or omissions; (ii) the date(s) of each fact, act, omission, or occurrence; (iii) a narrative description of each fact, act, occurrence, omission or series of facts, acts, occurrences, or omissions; and (iv) the identity of each and every document related to the fact, act, occurrence, omission, or series of facts, acts, occurrences, or omissions.

9.      **Document**.  The term "document" means any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form and including, but not being limited to: papers, books, emails, Internet files, accounts, newspapers and magazine articles, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences, or of other meetings, occurrences, or

315867424.1

transactions, affidavits, transcripts of depositions or hearings, statements, summaries, opinions, reports, tests, experiments, analyses, evaluations, contracts, agreements, ledgers, journals, books or records of account, receipts, summaries of accounts, balance sheets, income statements, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing however, denominated.  The word "document" shall also encompass "electronically stored information," as defined herein.  Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these interrogatories.

10.     **Electronically Stored Information.**  The term "electronically stored information" or "ESI" shall have the fullest and most complete meaning ascribed to it under the Federal Rules of Civil Procedure, and shall include sound recordings, images, e-mails, spreadsheets, Power Points, databases, and other data or data compilations stored in any medium from which information can be obtained.

11.     **Engines**.  The term "Engines" refers to both the Original Engines and Replacement Engines.

12.     **First Interrogatories**.  "First Interrogatories" shall mean this First Set of Interrogatories to Plaintiff.

13.     **First RFPs.**  "First RFPs" shall mean VPA's First Requests for Production of Documents, served contemporaneously herewith.

14.     **Plaintiff(s) and/or You.**  "Plaintiffs" and/or "You" shall mean collectively Plaintiff What Hurts, LLC, and any of its agents, representatives, attorneys or other persons acting or purporting to act on his behalf, specifically including but not limited to Lee Grammas or Brent

315867424.1

Loring.   The terms shall be construed as is necessary to bring within the scope of these interrogatories all responses that might otherwise be construed to be outside their scope.

15.     **Identify (with respect to documents)**.  When referring to documents, "identify," "identity" or "identification" means to give: (i) the type of document;  (ii) its general subject matter;  (iii) the date of the document; (iv) the identity of each author, addressee and recipient or intended recipient of the document;  (v) a summary of the document's contents; and (vi) if the document has been destroyed or otherwise is not available, detail the efforts to locate the document and give the reason for its unavailability.

16.     **Identify (with respect to entities other than natural persons)**.  When referring to an entity, "identify," "identity" or "identification" means to give the entity's:  (i) full name; (ii) type of business and/or business purpose; (iii) present or last known address of its principal place of business; (iv) present or last known business telephone number; (v) the nature or form of such entity; and (vi) the jurisdictions in which such entity is incorporated, authorized to do business, or otherwise registered or to be found.

17.     **Identify (with respect to natural persons or individuals)**.  When referring to a natural person or individual, "identify," "identity" or "identification" means to give the person's or individual's:  (i) full name; (ii) job title; (iii) present or last known employer; (iv) present or last known business address; (v) present or last known home address; (vi) present or last known business telephone number; and (vii) present or last known home telephone number.

18.     **Identify (with respect to a communication)**.  The term "identify" when used in reference to a communication means you shall state: (i) its nature and type (e.g., telephone, personal or other conversation, correspondence, telegram, etc.); (ii) a description of the subject matter of the communication; (iii) the date and place where such communication occurred; (iv) the

315867424.1

identity of each person who participated in, was present during, or otherwise witnessed any part of such communication; and (v) the identity of each document in which such communication was recorded, described or referenced.

19.     **Identify (with respect to an act)**.  The term "identify" when used in reference to an act, action or event means: (i) its nature and the sequence of steps in its occurrence; (ii) the date and time it occurred; (iii) where it occurred; (iv) the persons who were involved; (v) who or what caused the act, action or event to occur; and (vi) the purposes or reasons for its occurrence.

20.     **Identify (when used in other contexts)**.  The term "identify" when used in any context other than as defined above shall mean: (i) a description of the subject to be identified; (ii) and specification of the documents or communications in which the subject is or was recorded, described or referred; and (iii) all other information necessary to fully identify the subject.

21.     **Including**.  The term "including" shall be construed without limitation.

22.     **Information**.  The term "information" shall be construed expansively and shall include, but not be limited to, facts, data, opinions, images, impressions, concepts and formulae.

23.     **Original Engines.**  "Original Engines" shall mean the VPA engines provided with the Vessel at the time of sale, as identified in paragraph 10 of Plaintiff's Complaint.

24.     **Owner(s)**. The term "Owner(s)" shall mean Brent Loring and/or Lee Grammas, as the individual owners and authorized agents of What Hurts, LLC, the Vessel, the Original Engines, and/or the Replacement Engines, as identified in paragraph 16 of the Complaint.  The term shall be construed broadly, as makes logical sense given the context of the Interrogatory.

25.     **Person**.  The term "person" includes any natural person, firm, partnership, joint venture, corporation, sole proprietorship, trust, union, association, federation, labor organizations, legal representatives, trustees, trustees in bankruptcy, receivers, business entities, any other form

315867424.1

of business, governmental, public, charitable entity, or group of natural persons or such entities.

26.    **Replacement Engines**.  The term "Replacement Engines" shall refer to the VPA engines that were sent to Plaintiff as part of the Settlement Agreement, as identified in paragraph 17 of the Complaint.

27.    **Settlement Agreement**.  The term "Settlement Agreement" shall mean the General Release and Confidentiality Agreement executed by the parties in or around March 2021 and attached as Exhibit B to the Complaint.

28.    **Third Party/Parties**.  The term "third party" or "third parties" refers to individuals or entities that are not a party to this Action.

29.    **Upgraded Lower Units**.  The term "Upgraded Lower Units" shall refer to the lower units provided along with the Replacement Engines, as identified in paragraph 18 of the Complaint.

30.    **Vessel**.  The term "Vessel" refers to the 60' Midnight Express Motor Yacht named "What Hurts," as identified in paragraph 3 of the Complaint.

31.    **What Hurts**.  The term "What Hurts" shall mean collectively Plaintiff What Hurts, LLC, and any of its agents, representatives, attorneys or other persons acting or purporting to act on his behalf, specifically including but not limited to Lee Grammas or Brent Loring.  The terms shall be construed as is necessary to bring within the scope of these interrogatories all responses that might otherwise be construed to be outside their scope.

315867424.1

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Please identify any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the Complaint filed in this Action, or any fact underlying the subject matter of this Action, and for each such person, please provide the person's name and last known address and telephone number; and a summary of the information and knowledge possessed by the person that supports, refutes, or in any way relates to any fact or circumstances forming the basis of your Complaint.

**ANSWER**:


**INTERROGATORY NO. 2**:  Please identify any person who has performed any repairs, services, or other work on the Replacement Engines, and for each such person, provide the person's name and last known address and telephone number; a summary of the work performed by that person; and the date(s) of service for each repair.

**ANSWER**:


**INTERROGATORY NO. 3**:  Please identify any person who has performed any repairs, services, or other work on the Upgraded Lower Units, and for each such person, provide the person's name and last known address and telephone number; a summary of the work performed by that person; and the date(s) of service for each repair.

**ANSWER**:

315867424.1

**INTERROGATORY NO. 4**:  Please identify any person who has performed an inspection or survey of the Replacement Engines and/or Upgraded Lower Units, and for each such person, provide the person's name and last known address and telephone number; the date each inspection/survey was performed; the reason the inspection/survey was requested; and a copy of the written findings from each inspection/survey, or if no written findings exist, a summary of the findings.

**ANSWER:**


**INTERROGATORY NO. 5**:   Provide a complete and detailed list of alleged defects, malfunctions, non-conformities, and/or complaints you have regarding the Replacement Engines and/or Upgraded Lower Units starting from the date you received them until now, specifically including the nature of each alleged problem and the date(s) during which the alleged problem presented and/or persisted.

**ANSWER:**


**INTERROGATORY NO. 6**:  For each alleged problem listed in response to Interrogatory No. 5 above, provide a brief summary of the repair history, specifically including the number of times each specific issue has been repaired (or someone has attempted repairs), the current status of each alleged problem (i.e., whether that problem is ongoing or has been resolved), and the person/entity performing or attempting each repair.

**ANSWER:**

315867424.1

**INTERROGATORY NO. 7**:  Please identify each and every instance in which you submitted a claim for repair or reimbursement related to the Replacement Engines and/or the Upgraded Lower Units, whether pursuant to any claimed warranty or insurance policy, specifically including:

(a)     The date of each such claim;

(b)     The alleged issue(s) underlying the claim;

(c)     The person to whom the claim was submitted; and

(d)     The outcome of each such claim, specifically including whether the repairs were attempted/completed, whether the costs were covered/reimbursed, and by whom.

**ANSWER:**


**INTERROGATORY NO. 8:**  Please identify the dates the Vessel, Replacement Engines, and/or Upgraded Lower Units have been out of service, totally unable to be used, and/or in a repair shop, and please specify the reasons why it was out of service, totally unable to be used, and/or in a repair shop for each date of unavailability.

**ANSWER:**


**INTERROGATORY NO. 9:**  Please state whether you have ever been refused service, repair, installation, inspection, survey, and/or diagnosis for any issue or problem that you allege was covered by a written limited warranty, and provide the date, the person and/or entity refusing to make the repairs, and the reason(s) given for the refusal on each such occasion.

**ANSWER:**

315867424.1

**INTERROGATORY NO. 10:** Explain in detail the ownership history of the subject Vessel and/or the Engines, specifically including the date(s) each person or entity owned the Vessel and/or Engines.

**ANSWER:**


**INTERROGATORY NO. 11:** Specifically describe each alleged instance of a fraudulent misrepresentation that you claim was made by VPA in this Action. Complete responses to this interrogatory will specifically include but not be limited to: the person who made such a statement; the person to whom such statement was made; the date of the statement; the medium of the statement; the substance of the statement; and the context in which the statement was made.

**ANSWER:**


**INTERROGATORY NO. 12:** Specifically describe each alleged instance of a fraudulent concealment that you claim was hidden by VPA in this Action. Complete responses to this interrogatory will specifically include but not be limited to: The specific information you claim should have been disclosed; the date or time in which the information should have been disclosed; the reason you believe the information should have been disclosed; the person(s) who should have disclosed such information; the action(s) you would have taken if such information had been disclosed.

**ANSWER:**

315867424.1

**INTERROGATORY NO. 13:**  When did you come to know the information that you claim was fraudulently concealed, as set forth in Interrogatory No. 12 above?

**ANSWER:**


**INTERROGATORY NO. 14:**  What did you do when you came to know the information that you claim was fraudulently concealed, as set forth in Interrogatory No. 12 above?

**ANSWER:**


**INTERROGATORY NO. 15:**  Explain in detail the circumstances of the Replacement Engines and/or Upgraded Lower Units being removed from the Vessel, specifically including the date each was removed, the person who removed them, who authorized the removal, whether VPA was given notice of this removal, and where the equipment was stored.

**ANSWER:**


**INTERROGATORY NO. 16:**  Identify all supporting documents and explain why you believe the Replacement Engines were "incompatible" with the Upgraded Lower Units.

**ANSWER:**


**INTERROGATORY NO. 17:**  Identify all supporting documents and explain your contention that the Seven Marine brand had "serial defects and ongoing issues in the marine industry that plagued [its] reputation and pedigree."

**ANSWER:**

315867424.1

**INTERROGATORY NO. 18**:  Identify all persons with whom you have spoken that you contend are agents, employees, or representatives of VPA, and provide the nature, context, and substance of your interaction(s) with each.

**ANSWER**:


**INTERROGATORY NO. 19**:  Do you agree that the Settlement Agreement attached as Exhibit B to the Complaint is the correct document governing this dispute?  If not, please explain the basis of your denial.

**ANSWER**:


**INTERROGATORY NO. 20**:  Do you agree that the Settlement Agreement attached as Exhibit B was agreed to by the Plaintiff and Owners?  If not, please explain the basis of your denial.

**ANSWER**:


**INTERROGATORY NO. 21**:  Do you contend that there are any agreements, terms, or conditions in the Settlement Agreement that are inapplicable to the Plaintiff and/or Owners?  If so, please explain the basis of your contention in detail.

**ANSWER**:


**INTERROGATORY NO. 22**:  Do you contend that VPA gave you permission or otherwise waived its confidentiality rights in the Settlement Agreement?  If so, please provide a detailed explanation.

**ANSWER**:

315867424.1

**INTERROGATORY NO. 23:**  What is the current status of the Vessel and any engines or units that are currently installed?

**ANSWER:**


**INTERROGATORY NO. 24:**  Explain in detail any and all actions you have taken to mitigate the damages you claim in this Action.

**ANSWER:**


Dated:  July 18, 2023

Respectfully submitted,

By:
Christopher A. Abel
(VSB No. 31821)
Amelia A. Gilmer
(VSB No. 98202)
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:  757.628.5500
Facsimile:   757.628.5566
cabel@wilsav.com
agilmer@wilsav.com
*Local Counsel for Defendant Volvo
Penta of the Americas, LLC*

Christina M. Paul, *pro hac vice*
(FL Bar No. 596876)
Joshua C. Carpenter, *pro hac vice*
(FL Bar No. 109413)
K&L GATES LLP
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 3900
Miami, FL  33131-2399
Telephone:    305-539-3300
Facsimile:     305-358-7095
christina.paul@klgates.com

17

315867424.1

joshua.carpenter@klgates.com
*Florida Counsel for Defendant*
*Volvo Penta of the Americas, LLC*

18

## **VERIFICATION**

_____

As representative of What Hurts, LLC

STATE OF _____

COUNTY OF _____

BEFORE    ME,    the    undersigned    authority,    personally    appeared

_____, who, being duly sworn, deposes and says that the above Answers

to Defendant Volvo Penta of the Americas, LLC's First Set of Interrogatories to Plaintiff What

Hurts, LLC are true and correct.

SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2023.

Notary Public

_____

My Commission Expires:

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2023, the forgoing was served via e-mail and U.S. mail to the following counsel:

Scott A. Wagner, Esq.
WAGNER LEGAL
3050 Biscayne Blvd., Suite 701
Miami, FL 33137
Direct: 305-768-9247
Cell: 305-794-8508
sw@wagnerlegalco.com

*Florida Counsel for Plaintiff What Hurts, LLC* Dustin Paul, Esq.
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main Street
Suite 500 World Trade Center
Norfolk, VA 23510
P (757) 446-8665
F (757) 446-8670
dustin.paul@wrvblaw.com

*Local Counsel for Plaintiff What Hurts, LLC*

By: _____
        Christopher A. Abel (VSB No. 31821)
        WILLCOX & SAVAGE, P.C.
        440 Monticello Avenue, Suite 2200
        Norfolk, Virginia 23510
        Telephone:     757.628.5500
        Facsimile:     757.628.5566
        cabel@wilsav.com

*Local Counsel for Defendant Volvo Penta of the Americas, LLC*

20

315867424.1